# 95 DTA 187

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE PONCE Y AIBONITO**
**PANEL I**

RUBEN CENTENO
Demandante- Apelado

v.

SONIA PACHECO, NILDA PACHECO, SUCN. PASCUAL PACHECO PASCUAL, MANASES PACHECO RODRIGUEZ
Demandados-Apelantes

v.

LUIS ANTONIO CALES, ET AL
Terceros Demandados

San Juan, Puerto Rico, a 22 de junio de 1995

Panel integrado por su presidente, Juez Sánchez Martínez
y los Jueces Córdova Arone y Segarra Olivero

*PER CURIAM:* Mediante el presente recurso de apelación el apelante interesa que revisemos una resolución interlocutoria del Tribunal de Primera Instancia, Subsección de Distrito, Sala de Guayanilla (Hon. Miguel A. Magramer Lizardi, J.), mediante la cual se le ordenó al apelante pagar como sanción el costo de los emplazamientos a ser expedidos y diligenciados en las personas que componen la sucesión Pacheco, aquí demandada. La orden apelada fue dictada el 14 de febrero de 1995 y archivada en autos copia de su notificación el 16 de febrero de 1995.

El 20 de marzo de 1995, el apelante presentó el recurso de apelación de autos dirigido al Tribunal Superior, Sala de Ponce. Incluyó como apéndice copia de la orden recurrida, copia de la moción de reconsideración presentada contra ésta, y copia de la resolución denegatoria de la moción de reconsideración. Posteriormente, el 28 de marzo de 1995, el apelante presentó una moción ante nosotros expresando que *"dicho caso fue apelado para ante el Honorable Tribunal Superior con el propósito de que este Tribunal lo refiriera a la Unidad Especial de Jueces de Apelaciones, según la práctica hasta hace dos meses, aproximadamente".* A renglón seguido expresaba que *"estamos corrigiendo dicho error e informando que dicha apelación se hace para ante el Honorable Tribunal del Circuito de Apelaciones, Distrito [sic] Núm. V de Ponce, Puerto Rico".* El apelante concluyó diciendo que *"aún, el Honorable Tribunal Supremo está haciendo ajustes en el nuevo Sistema de Reforma Judicial".*

De esta relación, es evidente que el abogado del apelante no se ha familiarizado adecuadamente con el derecho apelativo vigente. No sólo ha presentado un recurso para ante un tribunal que carece de jurisdicción apelativa como lo era el Tribunal Superior, sino que dicho Tribunal ya no existe como tampoco existen las reglas de apelación del Tribunal de Distrito al Tribunal Superior a que alude el apelante en su párrafo sobre jurisdicción. El escrito del 20 de marzo evidentemente es insuficiente para constituir un escrito de apelación ante el Tribunal de Circuito de Apelaciones.

La moción presentada el 28 de marzo de 1995 con el propósito de subsanar la deficiencia del escrito de apelación instado ocho días antes, fue presentado a los 32 días de emitida la resolución apelada. Aun cuando pudiéramos considerar ese escrito como un recurso de apelación perfecto, el mismo tampoco procede.

En primer lugar, tratándose de una resolución interlocutoria, lo que procedía era instar un recurso de *certiorari*. La Ley de la Judicatura de 1994, Ley de 28 de julio de 1994, establece en su Artículo 4.002(a) que el recurso de apelación se da respecto de *"toda sentencia final dictada en casos originados en el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso de abolición".* Es evidente, por lo tanto, que tratándose de una resolución que no pone punto final al litigio, sino que por el contrario, le impone a la parte apelante el pago de una sanción económica por conducto observada en el trámite del litigio, lo que procedía era un certiorari de conformidad con el inciso c del mismo Artículo de la Ley. En tal caso, el recurso de certiorari *"se formalizará presentado una solicitud en la Secretaría de la Sede del tribunal revisado dentro de los treinta (30) días siguientes a la fecha de notificación de la resolución u orden".*

La moción presentada el día número treinta dos no puede ser considerada como una petición de *certiorari*. En todo caso, sería el escrito de apelación el que podría ser tomado como una petición de *certiorari*. Sin embargo, la Regla 19 de nuestro Reglamento establece en el inciso (E) que la petición incluirá un apéndice que contendrá una copia literal de las

alegaciones de las partes, la decisión del Tribunal cuya revisión se solicita y cualquier otra resolución, orden o escrito de cualesquiera de las partes que forme parte del legajo en el Tribunal de Primera Instancia y en que esté discutido cualquier asunto planteado en la petición de *certiorari*. Notamos que el apéndice del escrito únicamente contiene una moción de reconsideración y dos resoluciones del tribunal *a quo*. Este apéndice es a toda luces incompleto y no nos pone en condiciones de apreciar la naturaleza y extensión del planteamiento presentado en el recurso.

Con estos antecedentes se desestima el presente recurso por incumplimiento del trámite apelativo.

Lo acordó el Tribunal y lo certifica la señora Secretaria General.

María de la C. González Cruz
Secretaria General